IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| BRIGETTE BROOKHART,<br><br>          Plaintiff,<br><br>vs.<br><br>FINANCIAL INDEMNITY COMPANY, et al.,<br><br>          Defendants. | No. 22-CV-70 CJW-MAR<br><br>**ORDER** |

This matter is before the Court on United States Magistrate Judge Mark A. Roberts' Report and Recommendation ("R&R"). (Doc. 41). The R&R recommends the Court grant plaintiff's Amended Motion for Default Judgment as to defendant Rachel Ann Flash. (Doc. 40). No party has objected to the R&R. The deadline for such objections has expired. For the following reasons, the Court **adopts** the R&R in its entirety and **grants** plaintiff's motion.

## I.     REVIEW OF REPORT AND RECOMMENDATION

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

1

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## II. THE R&R

On April 3, 2023, Judge Roberts issued his R&R recommending the district court grant plaintiff's Amended Motion for Default Judgment as to defendant Rachel Ann Flash. (Doc. 41). Judge Roberts filed the R&R for this Court's consideration because defendant Flash has not entered an appearance or filed an answer in this case, and therefore has not consented in this matter. (*Id.*, at 1 (citing *Lori Scott, et al., v. Susie Scott Washington, et al.*, No. C17-2016-LTS, 2018 WL 3460397 (N.D. Iowa May 3, 2018))). In his R&R, Judge Roberts found that defendant Flash "has had significant time to file an Answer or responsive pleading in this case and has failed to do so." (*Id.*). Accordingly, Judge Roberts recommended this Court grant plaintiff's Amended Motion for Default Judgment as to Rachel Ann Flash (Doc. 40) and enter default judgment against defendant Flash. (*Id.*). After making his recommendation, Judge Roberts set a fourteen-

2

Case 1:22-cv-00070-MAR   Document 42   Filed 04/21/23   Page 2 of 3

day deadline for the parties to file objections to the R&R. (*Id.*, at 2). Thus, the deadline for the parties to file objections was April 17, 2023.

## III. DISCUSSION

The time to object to the R&R has expired, and no party has filed any objections. Thus, the parties have waived their right to a de novo review of the R&R. *See, e.g.*, *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) ("Appellant's failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein." (citation and internal quotation marks omitted)). Accordingly, the Court reviewed the R&R for clear error. Judge Roberts applied the appropriate legal standards in considering whether plaintiff's motion for default judgment should be granted. (*See* Doc. 41). Based on the Court's review of the record, the Court finds no error—clear or otherwise—in Judge Roberts' recommendation. As such, the Court **adopts** the R&R in its entirety.

## IV. CONCLUSION

For the reasons stated, the Court **adopts** Judge Roberts' R&R (Doc. 41) without modification. *See* 28 U.S.C. § 636(b)(1). In accordance with Judge Roberts' recommendation, the Court **grants** plaintiff's Amended Motion for Default Judgment as to defendant Rachel Ann Flash. (Doc. 40). The Clerk of Court is instructed to enter default judgment against defendant Flash.

This case remains referred to Judge Roberts to conduct all further proceedings and the entry of judgment in accordance with Title 28, United States Code, Section § 636(c) and the consent of the parties.

**IT IS SO ORDERED** this 21st day of April, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa